TIMOTHY C. FOX
Montana Attorney General
DALE SCHOWENGERDT
Solicitor
MATTHEW T. COCHENOUR
PATRICK M. RISKEN
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Telephone: (406) 444-2026
Facsimile: (406) 444-3549
dales@mt.gov
mcochenour2@mt.gov
prisken@mt.gov

COUNSEL FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| MONTANANS FOR COMMUNITY DEVELOPMENT, <br><br>           Plaintiff, <br><br>   v. <br><br> JONATHAN MOTL, in his official capacity as Commissioner of Political Practices, TIMOTHY FOX, in his official capacity as Attorney General for the State of Montana, and LEO GALLAGHER, in his official capacity as Lewis and Clark County Attorney. | Case No. 6:14-cv-00055 <br><br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMES NOW Defendants Jonathan Motl, in his official capacity as Commissioner of Political Practices; Timothy Fox, in his official capacity as Attorney General of the State of Montana, and Leo Gallagher, in his official capacity as Lewis and Clark County Attorney (hereinafter "Defendants"), and in answer to Plaintiff's First Amended Complaint, state as follows:

PREFACE:  Plaintiff's First Amended Verified Complaint contains abundant citations to case law and statutes as allegations of "fact."  To the extent that Plaintiff has pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 679; 129 S. Ct. 1937, 1950; 173 L. Ed. 2d 868, 884 (2009); and *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014).  Courts do not accept the truth of legal conclusions merely because they are presented as factual allegations.  *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

## <u>INTRODUCTION</u>

1.      Defendants admit the allegations contained in Paragraph 1 of the Amended Complaint insofar as those allegations state the nature of Plaintiff's claims.  To the extent that Plaintiffs allege citations to statutes and administrative regulations, those citations are presumed to be correct and therefore require neither admission nor denial.  To the extent that the statutes and/or regulations are cited erroneously, those allegations are denied.

2.      Paragraph 2 of Plaintiff's Amended Complaint states its own understanding of legal conclusions under various statutes, regulations, and case law citations.  Therefore this Answering Defendant will not answer those statements.  *See* PREFACE above.  To the extent that the statements made in Paragraph 2 of the Amended Complaint are incorrect, Defendants deny same.

3.      Defendants are without sufficient information so as to form a belief as to the accuracy of the allegations contained in the first sentence of Paragraph 3 of Plaintiff's Amended Complaint, and therefore deny same.  Defendants deny the remainder of the allegations in Paragraph 3 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

4.      In response to Paragraphs 4 and 5 of Plaintiff's Amended Complaint, Defendants admit that this Court has personal jurisdiction in this action and that venue is proper in the Helena Division.  Defendant denies that subject matter jurisdiction exists because Plaintiff has failed to present a justiciable controversy as required by Article III of the United States Constitution.

## PARTIES

5.      Defendants are without sufficient information so as to form a belief as to the accuracy of the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, and therefore deny same.

6.     In response to Paragraphs 7, 8, and 9 of Plaintiff's Amended Complaint, Defendants are not required to either admit or deny allegations of "fact" which merely state the contents of statutes or regulations.  To the extent that those statutes are misquoted or otherwise misrepresented in those Paragraphs, those allegations are denied.  Defendants admit the remainder of the allegations of those Paragraphs.

## FACTS

7.     In answer to Paragraph 10 of Plaintiff's Amended Complaint, Defendants submit that "Chapters 35 and 37 of Title 13 [of] the Montana Code" speak for themselves and therefore, allegations citing statutes, regulations and/or case law are not statements of "fact" requiring response.  To the extent that Plaintiff misquotes or otherwise misrepresents the content or intent of the cited laws, Defendants deny same.

8.     In answer to Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and the footnotes within those Paragraphs of Plaintiff's Amended Complaint, Defendants submit that the statutes and regulations cited and/or quoted throughout are not "factual allegations" and therefore do not require response.  To the extent that Plaintiff misquotes or otherwise misrepresents the content or intent of the cited laws, Defendants deny same.

9.      In answer to Paragraph 23 of Plaintiff's Amended Complaint, including footnote 4, Defendants submit that the statutes cited and/or quoted throughout those Paragraphs are not "factual allegations" and therefore do not require response.  To the extent that Plaintiff misquotes or otherwise misrepresents the content or intent of the cited laws, Defendants deny same.

10.     In answer to Paragraphs 24 and 25 of Plaintiff's Amended Complaint, Defendants submit that the statutes and regulations cited and/or quoted throughout those Paragraphs are not "factual allegations" and therefore do not require response.  To the extent that Plaintiff misquotes or otherwise misrepresents the content or intent of the cited laws, Defendants deny same.

11.     In answer to Paragraph 26 of Plaintiff's Amended Complaint, including footnote 5, Defendants submit that the statute cited and/or quoted throughout that Paragraphs is not a "factual allegation" and therefore do not require response.  To the extent that Plaintiff misquotes or otherwise misrepresents the content or intent of the cited law, Defendants deny same.  Defendants further deny Plaintiff's characterization of the newspaper article Plaintiff cites in footnote 5 as a recitation of hearsay, not fact.

12.     In answer to Paragraphs 27 and 28 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the accuracy of the allegations and therefore denies same.

13.    In answer to Paragraph 29 of Plaintiff's Amended Complaint, Defendants refer to the ad and the cited case for their content and denies the allegations to the extent they state otherwise.  Defendants are without sufficient information to form a belief as to the accuracy of the allegations contained in the first sentence and therefore denies the same.  The last sentence constitutes a legal conclusion to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

14.    In answer to Paragraph 30 of Plaintiff's Amended Complaint, Defendants are without sufficient knowledge regarding Plaintiff's plans or intent for advertisements promoting candidates and/or issues during the 2014 election season, and therefore denies all allegations regarding same.  The proposed advertisements, attached as Exhibit 5 to the Amended Complaint, speak for themselves and any characterization or representation of the advertisements, their content or intent that is inconsistent with the actual content of the advertisements is denied.

15.    In answer to Paragraph 31 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the accuracy of the allegations and therefore deny the allegations.

16.    Paragraph 32 of Plaintiff's Amended Complaint is not an allegation of fact but rather is a self-serving statement regarding the "purpose" of Plaintiff's

organization. Because the "purpose" of Plaintiff's organization is one of the many factual issues to be determined by the trier of fact in this case, and because Defendants are without sufficient knowledge to admit or deny the allegations, Defendants deny the allegations contained in Paragraph 32.

17.     Paragraph 33 of Plaintiff's Amended Complaint is not an allegation of fact but rather is a self-serving statement regarding the activities of Plaintiff's organization. Because those activities are at the core of the dispute herein, and because Defendants are without sufficient knowledge to admit or deny the allegations without further discovery, Defendants deny the allegations contained in Paragraph 33.

18.     In response to Paragraph 34 of Plaintiff's Amended Complaint, Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny the allegations.

19.     In response to Paragraph 35 of Plaintiff's Amended Complaint, Defendants submit that the record of each case cited therein speaks for itself and therefore requires neither admission nor denial herein. To the extent that Plaintiff's allegations in Paragraph 35 contain editorial comment (*i.e.* "substantial fines") or inaccurate representations regarding those proceedings, the focus of those proceedings and/or the manner of resolution of those proceedings (*i.e.*

ignoring that the sanctions stemmed from ATP's discovery abuses), Defendants deny same.

20.     In response to Paragraph 36 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff submitted an "advisory opinion request" to the Commissioner dated October 4, 2013.  Defendants refer to the cited case for its content and deny the allegations to the extent they state otherwise.  Because the remainder of the allegations contained in Paragraph 36 are an incomplete recitation of facts concerning that request, Defendants deny same, as well as the allegations contained in footnote 6.

21.     In answer to Paragraph 37 of Plaintiff's Amended Complaint, Defendants admit that the Commissioner is performing his duties as required by Montana law.  The records of the cases cited and the documents referenced as exhibits in Paragraph 37 speak for themselves.  To the extent that Plaintiff misrepresents the status of any of the cases cited or the content of exhibits referenced, Defendants deny same.

22.     In answer to Paragraph 38 of Plaintiff's Amended Complaint, the documents referenced as exhibits speak for themselves.  To the extent that Plaintiff misrepresents the content of exhibits referenced, Defendants deny same.

23.     In answer to Paragraph 39, 40, 41, and 42 of Plaintiff's Amended Complaint, Defendants are without sufficient knowledge to form a belief as to the

accuracy of allegations regarding what the Plaintiff "reasonably believes" or "reasonably fears," and therefore denies all allegations contained therein. References to statutes and cases are not allegations of fact and therefore do not require response. The exhibits referenced in Paragraphs 41 and 42 speak for themselves. Defendants deny any editorial comment regarding the intent or content of the exhibits. Defendants further deny any allegation characterizing Plaintiff's actions or intent as self-serving and because Plaintiff's actions described as "lawful, unreported issue advocacy spending" is a legal conclusion, is ultimately the issue for determination in this case, and is not a "fact."

24.     In answer to Paragraph 43 of Plaintiff's Amended Complaint, Defendants are without sufficient knowledge to form a belief as to the accuracy of allegations regarding what Plaintiff "reasonably fears," and therefore denies all allegations contained therein. References to websites, cases, and decisions are not allegations of fact and therefore do not require response. To the extent that the websites, cases, and decisions referenced are misquoted or otherwise misrepresented, Defendants deny the allegations. The exhibits referenced in Paragraph 43 speak for themselves. Defendants deny any editorial comment regarding the intent or content of the exhibits. Defendants submit that the actions of the Commissioner are controlled by statute and regulation, and therefore deny

any allegation of what the Commissioner might or might not do that would be contrary to those statutes and regulations.

25. In answer to Paragraph 44 of Plaintiff's Amended Complaint, Defendants are without sufficient knowledge to form a belief as to the accuracy of allegations regarding what Plaintiff might or might not do in the future, and therefore denies all allegations contained therein. Further, Plaintiff's allegations constitute legal conclusions to which no response is required. Defendants deny the remainder of the allegations contained in that Paragraph.

26. In answer to Paragraph 45 of Plaintiff's Amended Complaint, Defendants are not required to either admit or deny allegations of "fact" which merely state the contents of statutes or regulations. Defendants refer to the cited statute for its content and deny the allegations to the extent they state otherwise. Further, Plaintiff's allegations constitute legal conclusions to which no response is required. Defendants deny the remainder of allegations contained in that Paragraph.

27. In answer to Paragraph 46 of Plaintiff's Amended Complaint, Defendants are without sufficient knowledge to form a belief as to the accuracy of allegations regarding Plaintiff's past intentions or what Plaintiff might or might not do in the future, and therefore denies all allegations contained therein. Defendants deny the remainder of the allegations contained in that Paragraph.

28.     Defendants deny the allegations in Paragraph 47 of Plaintiff's Amended Complaint.

## COUNT I

**"The Political-Committee Statutory Definition Is Facially Overbroad."**

29.     In response to Paragraph 48, Defendants re-allege their previous admissions and denials as if fully set forth herein.

30.     Defendants deny the allegations contained in the heading "Count I" of Plaintiff's Amended Complaint.

31.     Paragraphs 49, 50, 51, 52, 53, 54, and the footnotes within those Paragraphs of Plaintiff's Amended Complaint do not contain factual allegations. Rather, they contain citations, quoted materials or reports of the content or decision of statutes or cases.  These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response.  To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8.  *See* PREFACE above.  To the extent Plaintiff misrepresents or misquotes the statutes or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

32.     Paragraph 54 constitutes legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the

allegations. Further, Defendants refer to the cited cases for their content and deny the allegations to the extent they state otherwise.

## COUNT II

### "The Political-Committee Statutory Definition Is Unconstitutional As Applied To MCD."

33. In response to Paragraph 55, Defendants re-allege their previous admissions and denials as if fully set forth herein.

34. Defendants deny the allegations contained in the heading "Count II" of Plaintiff's Amended Complaint.

35. Paragraphs 56, 57, 58, 59, and the footnotes within those Paragraphs of Plaintiff's Amended Complaint do not contain factual allegations. Rather, they contain citations, quoted materials or reports of the content or decision of statutes or cases. These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response. To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above. To the extent Plaintiff misrepresents or misquotes the statutes or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

36.     In response to Paragraph 60, Defendants are without sufficient knowledge to form a belief as to the accuracy of allegations regarding the "sole purpose" of Plaintiff as an organization might or might not be, and therefore denies all allegations contained in the first sentence.  Defendants are without sufficient knowledge to form a belief as to the accuracy of allegations regarding Plaintiff's past actions or future intentions, and therefore deny all allegations contained in the second sentence.  The remainder of the Paragraph, including the footnote, constitutes legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.  Further, Defendants refer to the cited cases for their content and deny the allegations to the extent they state otherwise.

37.     Defendants deny the allegations in Paragraph 61 of Plaintiff's Amended Complaint.

## COUNT III

### "The Political-Committee Statutory Definition Is Unconstitutionally Vague"

38.     In response to Paragraph 62, Defendants re-allege their previous admissions and denials as if fully set forth herein.

39.     Defendants deny the allegations contained in the heading "Count III" of Plaintiff's Amended Complaint.

40.     Paragraphs 63 and 64 of Plaintiff's Amended Complaint do not contain factual allegations.  Rather, they contain citations, quoted materials or reports of the content or decision of statutes or cases.  These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response.  To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above.  To the extent Plaintiff misrepresents or misquotes the statutes or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

41.     In response to Paragraph 65, Defendants submit that the statutes and regulations at issue herein speak for themselves, including the "Political-Committee Statutory Definition" cited in Paragraph 65 of Plaintiff's Amended Complaint.  To the extent that Plaintiff misrepresents or misquotes the language or intent of those statutes and regulations, Defendants deny same.  The remainder of the Paragraph constitutes legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

42.     In response to Paragraph 66, Defendants submit that the statutes and regulations at issue herein speak for themselves and refer to the enumerated statutes for their content.  To the extent Plaintiff misrepresents or misquotes the language or intent of those statutes and regulations, Defendants deny same.  The

remainder of the Paragraph constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

43. In response to Paragraph 67, Defendants submit that the statutes and regulations at issue herein speak for themselves, including the "Political-Committee Statutory Definition" cited in Paragraph 67 of Plaintiff's Amended Complaint. To the extent Plaintiff misrepresents or misquotes the language or intent of those statutes and regulations, Defendants deny same. The remainder of the Paragraph constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

44. Defendants deny the allegations in Paragraph 68 of Plaintiff's Amended Complaint.

## COUNT IV

### "The Political-Committee Regulatory Definition Is Facially Overbroad."

45. In response to Paragraph 69, Defendants re-allege their previous admissions and denials as if fully set forth herein.

46. Defendants deny the allegations contained in the heading "Count IV" of Plaintiff's Amended Complaint.

47. Paragraphs 70, 71, 72, 73, and 74 do not contain factual allegations. Rather, they contain citations and quotations of regulations and statutes. These

"allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response. To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above. To the extent Plaintiff misrepresents or misquotes the statutes, regulations, or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

48.     In response to Paragraphs 75, 76, 77, 78, and the footnotes within those Paragraphs of Plaintiff's Amended Complaint, Defendants refer to the cited cases for their content and deny the allegations to the extent they state otherwise. Defendants submit that the "allegations of fact" stated by the Plaintiff in these Paragraphs are nothing more than legal conclusions which do not require a response. To the extent a response may be required, Defendants deny the allegations.

49.     In response to Paragraph 79, Defendants submit that the statutes and regulations at issue herein speak for themselves, including the "Political-Committee Regulatory Definition" cited in Paragraph 79 of Plaintiff's Amended Complaint. To the extent Plaintiff misrepresents or misquotes the language or intent of those statutes and regulations, Defendants deny same. The remainder of

the Paragraph constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

50. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

## COUNT V

**"The Political-Committee Regulatory Definition
Is Unconstitutional As Applied to MCD."**

51. In response to Paragraph 81, Defendants re-allege their previous admissions and denials as if fully set forth herein.

52. Defendants deny the allegations contained in the heading "Count V" of Plaintiff's Amended Complaint.

53. Paragraphs 82, 83, and 84 do not contain factual allegations. Rather, they contain citations and quotations of regulations and statutes. These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response. To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above. To the extent Plaintiff misrepresents or misquotes the statutes, regulations, or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

54.     In response to Paragraphs 85, 86, 87, and the footnotes within those Paragraphs of Plaintiff's Amended Complaint, Defendants refer to the cited cases for their content and deny the allegations to the extent they state otherwise. Defendants submit that the "allegations of fact" stated by the Plaintiff in these Paragraphs are nothing more than legal conclusions which do not require a response. To the extent a response may be required, Defendants deny the allegations.

55.     In response to Paragraph 88, Defendants are without sufficient knowledge to form a belief as to the accuracy of allegations regarding the "exclusive purpose" of Plaintiff as an organization might or might not be, and therefore denies all allegations contained in the first sentence. Defendants are without sufficient knowledge to form a belief as to the accuracy of allegations regarding Plaintiff's past actions or future intentions, and therefore deny all allegations contained in the second sentence. The remainder of the Paragraph, including the footnote, constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations. Further, Defendants refer to the cited cases for their content and deny the allegations to the extent they state otherwise.

56.     Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

# COUNT VI

## "The Political-Committee Regulatory Definition Is Unconstitutionally Vague."

57.     In response to Paragraph 90, Defendants re-allege their previous admissions and denials as if fully set forth herein.

58.     Defendants deny the allegations contained in the heading "Count VI" of Plaintiff's Amended Complaint.

59.     Paragraphs 91, 92, 93, and 94 do not contain factual allegations. Rather, they contain citations and quotations of regulations and statutes. These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response. To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above. To the extent Plaintiff misrepresents or misquotes the statutes, regulations, or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

60.     In response to Paragraph 95 of Plaintiff's Amended Complaint, Defendants refer to the cited cases for their content and deny the allegations to the extent they state otherwise. Defendants submit that the "allegations of fact" stated by the Plaintiff in these Paragraphs are nothing more than legal conclusions which

do not require a response. To the extent a response may be required, Defendants deny the allegations.

61. In response to Paragraph 96, Defendants submit that the statutes and regulations at issue herein speak for themselves, including the "Political-Committee Regulatory Definition" cited in Paragraph 96 of Plaintiff's Amended Complaint. To the extent Plaintiff misrepresents or misquotes the language or intent of those statutes and regulations, Defendants deny same. The remainder of the Paragraph constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

62. In response to Paragraph 97, Defendants submit that the statutes and regulations at issue herein speak for themselves and refer to the enumerated statutes for their content. To the extent Plaintiff misrepresents or misquotes the language or intent of those statutes and regulations, Defendants deny same. The remainder of the Paragraph constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

63. In response to Paragraph 98, Defendants submit that the statutes and regulations at issue herein speak for themselves, including the "Political-Committee Regulatory Definition" cited in Paragraph 98 of Plaintiff's Amended Complaint. To the extent Plaintiff misrepresents or misquotes the language or

intent of those statutes and regulations, Defendants deny same. The remainder of the Paragraph constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

64. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint.

## COUNT VII

### "The Political-Committee Regulatory Definition Is Unconstitutional."

65. In response to Paragraph 100, Defendants re-allege their previous admissions and denials as if fully set forth herein.

66. Defendants deny the allegations contained in the heading "Count VII" of Plaintiff's Amended Complaint.

67. To the extent that Paragraphs 101 and 102 of Plaintiff's Amended Complaint contain case citations, quoted materials or reports of the content of decisions, statutes or cases, Defendants submit that those "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response. To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above. To the extent Plaintiff misrepresents or misquotes the statutes, regulations or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

68.     Paragraph 103 of Plaintiff's Amended Complaint is a statement of argumentative legal conclusions insufficient under Fed. R. Civ. P. 8.  To the extent Plaintiff misrepresents or misquotes the statutes, regulations or cases cited in that Paragraph, or to the extent that those representations are incomplete, Defendants deny those "allegations."  Defendants deny the allegations of Paragraph 103 of Plaintiff's Amended Complaint.

69.     Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint.

## COUNT VIII

### "The Expenditure Statutory Definition is Facially Vague."

70.     In response to Paragraph 105, Defendants re-allege their previous admissions and denials as if fully set forth herein.

71.     Defendants deny the allegations contained in the heading "Count VIII" of Plaintiff's Amended Complaint.

72.     Paragraphs 106, 107, and 108 of Plaintiff's Amended Complaint do not contain factual allegations.  Rather, they contain citations, quoted materials or reports of the content or decision of statutes or cases.  These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response.  To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8.

*See* PREFACE above. To the extent Plaintiff misrepresents or misquotes the statutes or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

73.     In response to Paragraph 109, Defendants submit that the statutes and regulations at issue herein speak for themselves and refer to the enumerated statutes for their content. To the extent Plaintiff misrepresents or misquotes the language or intent of those statutes and regulations, Defendants deny same. The remainder of the Paragraph constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

74.     In response to Paragraphs 110 and 111, Defendants refer to the cited cases and statutes for their content and deny the allegations to the extent they state otherwise. The remainder of the Paragraph constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

75.     Defendants deny the allegations contained in Paragraph 112 of Plaintiff's Amended Complaint.

# COUNT IX

## "The Expenditure Regulatory Definition Is Unconstitutional."

76.     In response to Paragraph 113, Defendants re-allege their previous admissions and denials as if fully set forth herein.

77.     Defendants deny the allegations contained in the heading "Count IX" of Plaintiff's Amended Complaint.

78.     To the extent that Paragraphs 114 and 115 of Plaintiff's Amended Complaint contain case citations, quoted materials or reports of the content of decisions, statutes or cases, Defendants submit that those "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response.  To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above.  To the extent Plaintiff misrepresents or misquotes the statutes, regulations or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

79.     Paragraph 116 of Plaintiff's Amended Complaint is a statement of argumentative legal conclusions insufficient under Fed. R. Civ. P. 8.  To the extent Plaintiff misrepresents or misquotes the statutes, regulations or cases cited in that Paragraph, or to the extent that those representations are incomplete, Defendants

deny those "allegations."  Defendants deny the allegations of Paragraph 116 of Plaintiff's Amended Complaint.

80.    Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Amended Complaint.

## COUNT X

### "The Contribution Statutory Definition Is Facially Vague."

81.    In response to Paragraph 118, Defendants re-allege their previous admissions and denials as if fully set forth herein.

82.    Defendants deny the allegations contained in the heading "Count X" of Plaintiff's Amended Complaint.

83.    Paragraphs 119, 120, and 121 of Plaintiff's Amended Complaint do not contain factual allegations.  Rather, they contain citations, quoted materials or reports of the content or decision of statutes or cases.  These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response.  To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above.  To the extent Plaintiff misrepresents or misquotes the statutes or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

84.     In response to Paragraph 122, Defendants submit that the statutes and regulations at issue herein speak for themselves and refer to the enumerated statutes for their content.  To the extent Plaintiff misrepresents or misquotes the language or intent of those statutes and regulations, Defendants deny same.  The remainder of the Paragraph constitutes legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

85.     In response to Paragraphs 123 and 124, Defendants refer to the cited cases and statutes for their content and deny the allegations to the extent they state otherwise.  The remainder of the Paragraph constitutes legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

86.     Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Amended Complaint.

## COUNT XI

### "The Contribution Regulatory Definition Is Unconstitutional."

87.     In response to Paragraph 126, Defendants re-allege their previous admissions and denials as if fully set forth herein.

88.     Defendants deny the allegations contained in the heading "Count XI" of Plaintiff's Amended Complaint.

89.     To the extent that Paragraphs 127 and 128 of Plaintiff's Amended Complaint contain case citations, quoted materials or reports of the content of decisions, statutes or cases, Defendants submit that those "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response.  To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above.  To the extent Plaintiff misrepresents or misquotes the statutes, regulations or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

90.     Paragraph 129 of Plaintiff's Amended Complaint is a statement of argumentative legal conclusions insufficient under Fed. R. Civ. P. 8.  To the extent Plaintiff misrepresents or misquotes the statutes, regulations or cases cited in that Paragraph, or to the extent that those representations are incomplete, Defendants deny those "allegations."  Defendants deny the allegations of Paragraph 129 of Plaintiff's Amended Complaint.

91.     Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Amended Complaint.

## COUNT XII

### "The Electioneering Communication Definition And Reporting Requirement Are Facially Vague."

92.     In response to Paragraph 131, Defendants re-allege their previous admissions and denials as if fully set forth herein.

93.     Defendants deny the allegations contained in the heading "Count XII" of Plaintiff's Amended Complaint.

94.     Paragraphs 132 and 133 of Plaintiff's Amended Complaint do not contain factual allegations. Rather, they contain citations and quotations to statutes that are not yet effective. These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response. To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See* PREFACE above. To the extent Plaintiff misrepresents or misquotes the statutes or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

95.     In response to Paragraph 134 of Plaintiff's Amended Complaint, Defendants refer to the cited cases for their content and deny the allegations to the extent they state otherwise. Defendants submit that the "allegations of fact" stated by the Plaintiff in these Paragraphs are nothing more than legal conclusions which

do not require a response. To the extent a response may be required, Defendants deny the allegations.

96. In response to Paragraph 135, Defendants are without sufficient information to form a belief as to the accuracy of the allegations and therefore denies the same. To the extent Plaintiff's allegation constitutes a legal conclusion, no response is required. To the extent a response may be required, Defendants deny the allegations.

97. In response to Paragraph 136, Defendants submit that the statutes and regulations at issue herein speak for themselves and refer to the enumerated statutes for their content. To the extent Plaintiff misrepresents or misquotes the language or intent of those statutes and regulations, Defendants deny same. The remainder of the Paragraph constitutes legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

98. Defendants deny the allegations contained in Paragraph 137 of Plaintiff's Amended Complaint.

## COUNT XIII

### "The Electioneering Communication Definition Fails Scrutiny Review."

99. In response to Paragraph 138, Defendants re-allege their previous admissions and denials as if fully set forth herein.

100.   Defendants deny the allegations contained in the heading "Count XIII" of Plaintiff's Amended Complaint.

101.   Paragraph 139 of Plaintiff's Amended Complaint does not contain factual allegations.  Rather, it contains contain citations and quotations to statutes that are not yet effective.  These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response.  To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8.  *See* PREFACE above.  To the extent Plaintiff misrepresents or misquotes the statutes or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

102.   In response to Paragraph 140, Defendants refer to the cited case for its content and deny the allegations to the extent they state otherwise.  Defendants deny the remaining allegations contained in Paragraph 140 of Plaintiff's Amended Complaint.

## COUNT XIV

### "The Anonymous Speech Ban Is Unconstitutional."

103.   In response to Paragraph 141, Defendants re-allege their previous admissions and denials as if fully set forth herein.

104.    Defendants deny the allegations contained in the heading "Count XIV" of Plaintiff's Amended Complaint.

105.    Paragraph 142 of Plaintiff's Amended Complaint does not contain factual allegations.  Rather, it contains contain citations and quotations to statutes that are not yet effective.  These "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response.  To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8.  *See* PREFACE above.  To the extent Plaintiff misrepresents or misquotes the statutes or cases cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."

106.    In response to Paragraph 143 of Plaintiff's Amended Complaint, Defendants refer to the cited cases for their content and deny the allegations to the extent they state otherwise.  The remainder of the Paragraph constitutes legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

107.    In response to Paragraph 144, Defendants refer to the cited case for its content and deny the allegations to the extent they state otherwise.  Defendants deny the remaining allegations contained in Paragraph 144 of Plaintiff's Amended Complaint.

## <u>COUNT XV</u>

**"The Investigatory Procedures Provision and the Publication Provisions Unconstitutionally Burden and Chill Protected Speech and Association."**

108.   In response to Paragraph 145, Defendants re-allege their previous admissions and denials as if fully set forth herein.

109.   To the extent that Paragraphs 145, 146, 147, 148, 149 and 150 of Plaintiff's Amended Complaint contain case citations, quoted materials or reports of the content of decisions, statutes, cases or publications on web sites, Defendants submit that those "allegations" are not allegations of "fact" for the purpose of a complaint, and therefore require no response.  To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8.  *See* PREFACE above.  To the extent that Plaintiff misrepresents or misquotes the statutes, regulations, cases and/or web sites cited in those Paragraphs, or to the extent that those representations are incomplete, Defendants deny those "allegations."  Defendants deny that the "allegations" made are relevant to this action.

110.   Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Amended Complaint.

111.   Defendants deny the allegation that Plaintiff's "speech is chilled" or any speculation contained in those allegations regarding what might be the consequence of a complaint filed against Plaintiff, as alleged in the first sentence

of Paragraph 152 of Plaintiff's Amended Complaint. Defendants deny the remaining allegations of Paragraph 152.

112. Defendants admit the allegations of Paragraph 153 of Plaintiff's Amended Complaint to the extent MCD may be required to defend itself in any investigation. Defendants deny the remaining allegations of paragraph 153.

113. Defendants deny the allegations contained in Paragraphs 154 and 155 of Plaintiff's Amended Complaint. To the extent that Paragraph 154 cites case law, the citation and report of the case decision is not an "allegation of fact" under Fed. R. Civ. P. 8 and is therefore inadequate.

The remainder of the Amended Complaint sets forth Plaintiff's prayer for relief, to which no response is necessary. To the extent that a response is necessary, Defendants deny that Plaintiff is entitled to relief on any claims or causes of action set forth in the Amended Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation of the Amended Complaint that is not expressly admitted herein.

## PRAYER FOR RELIEF

Defendants restate the admissions and denials contained previously in this Answer as if fully set forth herein. Defendants deny that the Plaintiff is entitled to

any relief as alleged in its Amended Complaint "Prayer For Relief" subsections 1 through 18.

WHEREFORE, having fully Answered the allegations and claims stated in the Plaintiff's Amended Complaint, and as Affirmative Defenses thereto, Defendants state:

1.    Failure to state a claim upon which relief may be granted;

2.    Plaintiff's claims are barred by statute of limitations, repose, or laches;

3.    Lack of case or controversy;

4.    Plaintiff's causes of action and claims are not ripe;

5.    Failure to join all necessary parties;

6.    Lack of standing by Plaintiff; and/or lack of authority to maintain this action on behalf of Plaintiff.

7.    Plaintiff has unclean hands and is not entitled to equitable relief.

8.    Plaintiff is not entitled to relief based upon waiver or estoppel.

9.    Defendants reserve the right to amend this Answer to allege and state additional affirmative defenses as the case progresses.

WHEREFORE, having fully Answered the allegations and claims stated in the Plaintiff's Amended Complaint, and having stated their Affirmative Defenses thereto, Defendants pray for relief as follows:

10. That the Plaintiff's First Amended Verified Complaint and all causes of action therein be dismissed, with prejudice and without costs or attorney's fees;

For such other and further relief as the Court deems just and equitable.

Respectfully submitted this 7th day of July, 2015.

TIMOTHY C. FOX
Montana Attorney General
DALE SCHOWENGERDT
Solicitor
MATTHEW T. COCHENOUR
PATRICK M. RISKEN
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401

By:  _/s/ Matthew T. Cochenour_
    MATTHEW T. COCHENOUR
    Assistant Attorney General
    Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.

Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated: July 7, 2015

/s/ Matthew T. Cochenour
MATTHEW T. COCHENOUR
Assistant Attorney General
Counsel for Defendants
