TIMOTHY C. FOX
Attorney General
DALE SCHOWENGERDT
Solicitor General
MATTHEW COCHENOUR
PATRICK M. RISKEN
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
dales@mt.gov
mcochenour2@mt.gov
prisken@mt.gov
Telephone:  (406) 444-2026
Facsimile:  (406) 444-3549

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MONTANANS FOR COMMUNITY DEVELOPMENT,<br><br>    Plaintiff,<br> v.<br><br>JONATHAN MOTL, in his official capacity as Commissioner of Political Practices; TIMOTHY FOX, in his official capacity as Attorney General of the State of Montana, and LEO GALLAGHER, in his official capacity as Lewis and Clark County Attorney,<br><br>    Defendants. | Case No. 6:14-cv-00055-DLC<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE CERTAIN PARAGRAPHS OF PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT** |

## I. INTRODUCTION

Plaintiff's *Second Amended Verified Complaint* was filed and served on December 31, 2015. Dkt. 100 through 100-31. It contains abundant citations to case law, statutes, regulations, newspaper articles and other exhibits as allegations of "fact." To the extent that the Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); and *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Therefore, in order to facilitate a predictable and efficient framing of the issues of this case, Defendants request that this Court enter an Order striking the offending paragraphs from the Plaintiff's *Second Amended Verified Complaint*, mandating that the Plaintiff plead its case in compliance with the requirements of notice pleading.

The Defendants filed formal answers to the previous two versions of MCD's complaint, repeatedly answering paragraphs quoting statutes, regulations and case law with a "speaks for itself requiring no answer" response, underscoring the fact that MCD was not pleading facts. The *Second Amended Verified Complaint* is far beyond what might be deemed tolerable under the rules of notice pleading. Not only must the Defendants determine how to admit or deny each component of each paragraph or claim, but the Court is also forced to wade through what has become nothing more than a legal brief with several hundred pages of exhibits. The

Defendants intend to comply with the Court's latest scheduling order and complete discovery and motion filing on time.  However, in order to properly frame the issues for trial, the *Second Amended Verified Complaint* must be reduced to a manageable, concise pleading of facts and claims, eliminating all legal briefing and evidence presentation more suited to a summary judgment motion.

Defendants' overriding concern is the violation of the notion of "notice pleading" and a clear intent by the Plaintiff to circumvent the Local Rules regarding word limitations in briefs.  In the first round of preliminary injunction hearings in this case on October 1, 2014, Plaintiff's *Verified Complaint* became an extension of the Plaintiff's briefing calling for injunctive relief. Defendants did not have that luxury available to them.  By pleading its complaint in the form of a brief, with several hundred pages of exhibits, MCD's *Second Amended Verified Complaint* is nothing more than a preparatory summary judgment argument.

The intent of "notice pleading" is lost in this process.  The *Verified Complaint* (Dkt. 1) started the case with 46 pages and 136 paragraphs stating 14 "counts" or claims.  The *First Amended Complaint* expanded that effort to 62 pages, 155 paragraphs and 15 counts.  Dkt. 64.  Now, when discovery is set to close at the end of next month and with dispositive motions due in less than two months, MCD has presented a S*econd Amended Verified Complaint* (Dkt. 100

through 100-31) that has ballooned to 93 pages, 225 paragraphs, 23 counts and 45 exhibits (649 pages), for a total of 742 pages of "notice" pleading.

Answering the *Second Amended Verified Complaint* bears the risk of admitting or denying a legal principle or the decision of a court as a potential trap. Quotes from case law have nothing to do with the "notice pleading" of a concise statement of facts and claims. A great many of the allegations are dependent upon reference to an exhibit, requiring a piercing analysis of each to avoid additional traps. Conservatively, 155 of the 225 paragraphs of the *Second Amended Verified Complaint* are entirely inappropriate under Fed. R. Civ. P. 8 as either (1) the publication of entire statutes and regulations that must be admitted or denied word-by-word (82 paragraphs); or (2) paragraphs that are legal argument in the form of briefing, including case citations and MCD's recitation of what exhibits, news articles or other "evidence" might state (80 paragraphs). Sixteen of the 17 footnotes are likewise nothing but legal argument; only n.1 seems appropriate, although unnecessary. All of the offending paragraphs and footnotes should be stricken as having no place in a notice pleading.

In the interest of brevity Defendants offer the following citations to the Plaintiff's *Second Amended Verified Complaint* with a brief explanation of the nature of the paragraph that Defendants submit as objectionable. In many instances Defendants submit that the paragraph should be deleted entirely, because

the paragraph is nothing more than legal argument or legal conclusions with citations, in the form of a brief. In some instances there may be isolated sentences within those paragraphs that are not objectionable because the sentence is capable of standing alone as an "allegation of fact" as is appropriate in a complaint under Fed. R. Civ. P. 8. However, in some instances a sentence is incapable of standing alone without reference to the surrounding legally conclusive argument and/or citations to cases and other authorities, again in the form of a brief.

Therefore, pursuant to Fed. R. Civ. P. 12(f) and 8(a), Defendants respectfully ask this Court to strike the following paragraphs of the Plaintiff's *Second Verified Complaint*:

    Introduction: Paragraph 2 (entirely; p. 2).

    Parties: Paragraphs 7, 8 and 9 (to the extent that the Plaintiff states the content of the statutes cited; p. 4).

    Facts: Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and footnotes 2 and 3 (each entirely; pp. 5-17). These are merely the publication of statutes which do not plead "facts." Also, paragraphs 16, 29, 30 and 35 contain argument.

    Paragraph 38 (last sentence and case cite; p 17).

    Paragraph 44 (entirely; p. 19).

    Paragraph 46 (all except the first sentence; p. 20).

    Paragraph 47 (first sentence as argument; p. 21).

Paragraphs 48, 50, 51, 52, 53, 54 and 55 (with citations and exhibits of other COPP cases as argument in the form of briefing; pp. 21-25).

**Count I:** Paragraph 59 (redundant of paragraph 11, argument; p. 25).

Paragraphs 60, 61, 62, 63 and 64 and footnotes 6 and 7 (each entirely as legal argument with case citations, briefing; pp. 26-28).

**Count II:** Paragraph 66 (redundant of paragraph 11, argument; pp. 28-29).

Paragraphs 67, 68 and 69 and footnotes 8 and 9 (each entirely as legal argument with case citations, briefing; pp. 29-30).

Paragraph 70 (everything after the first and second sentences, including footnote 10, as legal argument with case citations, briefing; pp. 30-31).

**Count III:** Paragraph 73 (redundant of paragraph 11, argument; pp. 28-29).

Paragraphs 74, 76 and 78 (each entirely as legal argument, and the case cite briefing at paragraph 78; pp. 32-33).

Paragraph 75 (to the extent that the counts included by reference include legal argument, briefing; pp. 32-33).

**Count IV:** Paragraphs 80, 81 and 82 (redundant recitations of the content of statutes already cited, argument; pp. 34-35).

Paragraphs 83 and 84 (each entirely as legal argument with case citations, briefing; p. 35).

**Count V:** Paragraphs 87 and 88 (redundant recitation of previously cited statutes, with argument; p. 36).

Paragraph 89 (entirely as legal argument including case citations; pp. 39-41).

**Count VI:**  Paragraphs 92, 93, 94, 95, 96 and 97 (redundant recitation of previously cited statutes, with argument; pp. 37-39).

Paragraphs 98, 99, 100, 101, 102 and 103, and footnotes 12 and 13 (each entirely as legal argument including case citations; pp. 39-41).

**Count VII:**  Paragraphs 106, 107, 108, 109, 110 and 111 and footnote 14 (redundant recitation of previously cited statutes, with argument; pp. 42-44).

Paragraphs 112, 113, 114 and 115, and footnotes 15 and 16 (each entirely as legal argument including case citations; pp. 44-46).

**Count VIII:**  Paragraphs 118, 119, 120, 121, 122, 123, 124 and footnote 17 (redundant recitation of previously cited statutes, with argument; pp. 46-49).

Paragraphs 125, 127 and 128 (each entirely as legal argument including case citations; pp. 49-50).

Paragraph 126 (to the extent that the counts included by reference include legal argument, briefing; p. 49).

**Count IX:**  Paragraphs 13 f, 132, 133, 134 and 135 (redundant recitation of previously cited statutes, with argument; pp. 50-51).

Paragraphs 136 and 137 (each entirely as legal argument including case citations; pp. 51-52).

**Count X:**  Paragraphs 140 and 141 (redundant recitation of previously cited statutes, with argument; pp. 52-53).

Paragraphs 142 and 143 (each entirely as legal argument including case citations; p. 53).

**Count XI:**  Paragraphs 146, 147 and 149 (redundant recitation of previously cited statutes, with argument; pp. 45-55).

Paragraphs 147 and 150 (each entirely as legal argument including case citations; pp. 49-50).

**Count XII:**  Paragraph 153 (redundant recitation of previously cited statute, with argument; p. 56).

Paragraphs 154 and 155 (each entirely as legal argument including case citations; pp. 56-57).

Paragraph 156 (to the extent that the counts included by reference include legal argument, briefing; p. 57).

**Count XIII:**  Paragraphs 158 and 159 (redundant recitation of previously cited statutes, with argument; p. 58).

Paragraphs 161 and 162 (each entirely as legal argument including case citations; p. 58).

**Count XIV:**  Paragraphs 164 and 166 (redundant recitation of previously cited statutes, with argument; p. 59).

Paragraphs 165 and 167 (each entirely as legal argument including case citations; pp. 60-61).

**Count XV:**  Paragraphs 170, 171, 172, 173 and 174 (redundant recitation of previously cited statutes, with argument; pp. 61-63).

Paragraphs 175 and 176 (each entirely as legal argument including case citations; pp. 63-64).

**Count XVI:**  Paragraphs 179 and 180 (redundant recitation of previously cited statutes, with argument; pp. 64-65).

Paragraphs 181 and 182 (each entirely as legal argument including case citations; p. 65).

**Count XVII:**  Paragraph 184 (entirely as legal argument including case citations; p. 66).

Paragraph 185 (entirely argument).

**Count XVII** *(sic):*  Paragraphs 188 and 189 (redundant recitation of previously cited statutes, with argument; pp. 67-69).

Paragraph 190 (entirely as legal argument including case citations; pp. 49-50).

Paragraph 191 (entirely argumentative; contains non-factual citation to web site; p. 70).

Paragraph 192 (everything after the first sentence; pp. 70-71).

Paragraphs 193, 194 and 195 (entirely as legal argument including case citations; pp. 71-72).

**Count XVIII** *(sic)*: Paragraphs 198 (entirely as nothing more than reproduction of a statute and a lengthy regulation; pp. 72-75).

Paragraph 199 (entirely as legal argument including case citations; p. 75).

**Count XIX** *(sic)*: Paragraph 201 (reproduction of a statute, with argument; pp. 75-76).

Paragraphs 202 and 203 (entirely as legal argument including case citations; pp. 76-77).

**Count XX** *(sic)*: Paragraphs 205 (entirely as reproduction of statute and selective publication regulations, with argument; pp. 77-78).

Paragraphs 206 and 207 (eve    ng after the first sentence in each paragraph as not alleging fact p 7 -79).

Paragraphs 209, 210 and 211 (entirely as legal argument including case citations; pp. 79-81).

Paragraph 211 (citation at end of paragraph; p. 81).

Paragraph 212 (entirely as argument, quoted without reference, and citation at end of paragraph; p. 81).

Paragraph 213 (everything after the first sentence as argument, including citations to cases and exhibits; disjointed argumentative statements after first sentence; pp. 81-82).

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE CERTAIN PARAGRAPHS OF PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT**
**PAGE 9**

Paragraph 215 (entirely as legal argument including case citations; p. 82).

**Count XXI** *(sic)***:**  Paragraphs 218 (entirely as legal argument, including citations to supporting cases; pp. 82-83).

Paragraph 219 (everything after the first sentence as argument; pp. 83-84).

**Count XXII** *(sic)***:**  Paragraph 222 (entirely as legal argument, including case citations, without recitation of facts of the case; p. 85).

Paragraph 223 (everything after the first sentence as argument; pp. 85-86).

## II.  AUTHORITIES

The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957) (footnote omitted). . . .  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.* at 48.

*Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 164 (1984) (J. Stevens, dissenting).

Even under a more liberal notice pleading standard, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief.  *See Ashcroft v. lqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949-51, 1954, 173 L. Ed. 2d 868 (2009).

*Green v. McDaniel,* 2012 U.S. Dist. LEXIS 35690 at *2 (D.C. Nev. 2012).

Merely pleading case law quotes is not acceptable as notice pleading of a claim. See *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (19  ): " . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation')." Most if not all of MCD's alleged "counts" are nothing more than legal briefing, the most egregious examples being Counts XVII through XXII. "[I]nterspersing reported case citations in with [Petitioner's] allegations adds nothing to his petition. Petitioner needs to allege *specific facts* pointing to the possibility of constitutional error *in his case. Green v. McDaniel* at *4 (emphasis original).

Since Rule 8 requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, the Rule is violated when a pleading says *too much. Cafasso, US. ex rel. v. Gen. Dynamics C4 Sys.,* 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held--and we know of no authority supporting the proposition--that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne,* 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming a dismissal under Rule 8, recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs

filed in this case impose unfair burdens on litigants and judges").

"Unfair burdens on litigants and judges" is the cornerstone of this *Motion.* Plaintiff's *Second Amended Verified Complaint* could have satisfied Fed. R. Civ. P. 8(a) with far fewer than 93 pages and 224 paragraphs of legal argument. The burden on the Defendants and this Court is obvious: each entity that is required to analyze Plaintiff's *Second Amended Verified Complaint* must actually engage in a great deal of legal research just to ensure that the cases, statutes, regulations and other sources cited by the Plaintiff in that *Complaint* are accurately represented. Admission or denial of those cited authorities and what the Plaintiff states as "fact" from those authorities becomes quite confusing and conceivably might result in a trap for Defendants at a later stage of the proceedings, such as at summary judgment. The same is true for the hundreds of pages of exhibits that MCD has attached to the Complaint, including newspaper articles, web postings and other evidence certainly more suitable for motion practice (if any get past a hearsay objection). That exercise goes far beyond merely examining an initial pleading for "notice" of a claim.

### III. CONCLUSION

Based upon the foregoing arguments and authorities, Defendants submit that the Plaintiff's Second Amended Verified Complaint does not comply with the rule or intent of Fed. R. Civ. P. 8(a). Much of what is offered in that Complaint is nothing more than additional briefing of MCD's legal theories, circumventing the

restrictions of Local Rule 7 and creating confusion and perhaps intended pitfalls for the Defendants. Respectfully, the proper remedy is to strike the Second Amended Verified Complaint and require MCD to revise that Complaint in compliance with Fed. R. Civ. P. 8.

Respectfully submitted this 15th day of January, 2016.

>TIMOTHY C. FOX
>Montana Attorney General
>DALE SCHOWENGERDT
>Solicitor General
>MATTHEW T. COCHENOUR
>PATRICK M. RISKEN
>Assistant Attorneys General
>215 North Sanders
>P.O. Box 201401
>Helena, MT 59620-1401
>
>By: _____
>     PATRICK M. RISKEN
>     Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 2,633 words, excluding the caption and certificates of service and compliance.

>  /s/ Patrick M. Risken
> PATRICK M. RISKEN
> Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.  Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  January 15, 2016           /s/ Patrick M. Risken
> PATRICK M. RISKEN
> Assistant Attorney General
> Counsel for Defendants