Anita Y. Milanovich (Mt. No. 12176)
THE BOPP LAW FIRM, PC
1627 West Main Street, Suite 294
Bozeman, MT 59715
Phone: (406) 589-6856
Email: aymilanovich@bopplaw.com
*Attorney for Plaintiff*

James Bopp, Jr. (Ind. No. 2838-84)*
THE JAMES MADISON CENTER FOR
FREE SPEECH
The National Building
1 South Sixth Street
Terre Haute, IN 47807
Phone: (812) 232-2434
Fax: (812) 235-3685
Email: jboppjr@aol.com
*Attorney for Plaintiff*

*Pro hac vice application granted September 4, 2014.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| **Montanans for Community Development**, <br><br> *Plaintiff*, <br><br> v. <br><br> **Jonathan Motl**, *et al.*, <br><br> *Defendants*. | Case No. 6:14-cv-00055 <br><br> **Plaintiff's Motion to Compel** |

Pursuant to Fed. R. Civ. Pro. Rules 7(b) and 37(a)(3)(A) and Local Rules 7.1 and 26.3(c), Plaintiff Montanans for Community Development ("MCD") respectfully moves this Court to compel Defendants (hereinafter "the Commis-

sion") to produce unredacted discovery responses to *Plaintiff's Second Request for Production to Defendant Commissioner Motl*. In support of its Motion, MCD states as follows:

 **1**. On September 1, 2015, MCD served the Commission with MCD's Second Document Requests, requesting copies of "watch files," "phone logs," and "investigatory reports" as the result of a deposition conducted of Mary Baker, a Supervisor at the Commission of Political Practices. (Milanovich Decl., Doc. 110,[1] ¶ 2.) (*See* MCD Second Request, Ex. 1, at 10.) On October 5, 2015, the Commission timely responded, objecting that the discovery requests for phone logs and investigatory reports was overly burdensome and protected by attorney client privilege and work product, but authorizing Plaintiff to review the documents in person for what it described as "modified in camera review." (Milanovich Decl., Doc. 110, ¶ 3.) (*See* Mr. Motl's Response to Second Request, Ex. 2, at 5, 6.)

 **2**. On October 16, 2015, MCD, by counsel, contacted the Commission to arrange to review the documents, indicating counsel Ms. Milanovich and MCD President Bill Coate would attend. (Milanovich Decl, Doc. 110, ¶ 6.) (See *L.R. 26.3(c)(1) Correspondence,* Ex. 3, at 11.) On October 19, 2015, the Commission

---

[1] All exhibits cited herein are attached to MCD's memorandum supporting this motion. (Doc. 109.)

responded that only Ms. Milanovich would be permitted to review certain documents, and so Ms. Milanovich indicated she would review what Mr. Coate was not permitted to review. (Milanovich Decl., Doc. 110, ¶ 7.) (See *L.R. 26.3(c)(1) Correspondence,* Ex. 3, at 9-10.)

3. On October 21, 2015, Ms. Milanovich and Mr. Coate went to the Commissioner's offices to review documents. (Milanovich Decl., Doc. 110, ¶ 8.) They were told that Mr. Coate could only review documents responsive to the "watch files" request, and that Ms. Milanovich could review everything else but that she could take no notes and that there must be a Commission staff member in the room with her. (*Id.*) Ms. Milanovich at no time agreed to keep information confidential, nor was she asked to sign any document agreeing to confidentiality or non-disclosure. (*Id.* at ¶ 9.)

4. On December 18, 2015, December 30, 2015, and January 6, 2015, the Commission served partially redacted responsive documents of staff notes and heavily redacted responsive documents of investigatory reports, Bates-stamped 475-938, 1139-1443, and 939-988, respectively. (*See Dec. 18 Documents* (Excerpts), Ex. 5; *Dec. 30 Documents* (Excerpts), Ex. 6; *Jan. 6 Documents* (Excerpts),

Ex. 7.) A comprehensive privilege log for documents Bates-stamped 475-1143[2] was provided. (*See Privilege Log,* Ex. 8.) For nearly all redactions it made, the Commission asserted attorney-client privilege and work product protection. (*See id.*)

    **5.**  On December 31, 2015, MCD filed its Second Amended Complaint, adding as causes of action claims of viewpoint discrimination and equal protection violations by the Commissioner of Political Practices. (Doc. 100, ¶¶ 217-224.)

    **6.**  On January 12, 2016,[3] MCD, by counsel, corresponded by Local Rule 26.3(c) letter with the Commission, asserting that the Commission had waived its privilege rights and requesting explanation and clarification in writing about the Commission's legal grounds for asserting attorney-client privilege and work product. (Milanovich Decl., Doc. 110, ¶ 15.) (*See L.R. 26.3(c)(1) Correspondence*, Ex. 3, at 2-3.)

    **7.**  On January 15, 2016, the Commission responded, contending that its

---

[2]To MCD's knowledge, documents Bates-stamped 939-1138 have not been produced. (Milanovich Decl, Doc. 110, ¶ 12.)

[3]MCD's counsel Ms. Milanovich was on vacation until January 11, 2016. (Milanovich Decl., Doc. 110, ¶ 13.) (*See also Counsel December Emails*, Doc. 106-1, at 1) (informing opposing counsel of vacation intentions).) The Commission only served paper copies of its responses, and only on Ms. Milanovich. (Milanovich Decl., Doc. 110, ¶ 14.)

privilege log provides sufficient information and that its support for asserting attorney-client privilege and work product lay in a decision of state court judge Sherlock, which they attached. (*See L.R. 26.3(c)(1) Correspondence*, Ex. 3, at 4-7.)

8. For the reasons laid out more fully in the accompanying memorandum, the Commission improperly asserts attorney-client privilege and work product for the notes and investigatory reports it produced because its justifications do not satisfy federal requirements, an exception applies to work product in this case, and both protections have been waived.

9. The Commission, through counsel, has been contacted regarding this motion. It opposes it.

10. MCD, by counsel, certifies that the parties complied with Local Rule 26.3(c)(1) through detailed, comprehensive correspondence. (*See L.R. 26(c)(1) Correspondence*, Ex. 3.)

**WHEREFORE**, Plaintiff MCD prays this Court grant *Plaintiff's Motion to Compel* and direct the Commission to produce to MCD unredacted copies of the responsive documents it redacted on attorney-client privilege and work product grounds by the discovery deadline of February 26, 2016.

Dated: January 25, 2016

                                              Respectfully Submitted,

                                              /s/Anita Y. Milanovich

| | |
|---|---|
| James Bopp, Jr. (Ind. No. 2838-84)* | Anita Y. Milanovich (Mt. No. 12176) |
| THE JAMES MADISON CENTER FOR FREE SPEECH | THE BOPP LAW FIRM, PC |
| The National Building | 1627 West Main Street, Suite 294 |
| 1 South Sixth Street | Bozeman, MT 59715 |
| Terre Haute, IN 47807 | Phone: (406) 589-6856 |
| Phone: (812) 232-2434 | Email: aymilanovich@bopplaw.com |
| Fax: (812) 235-3685 | *Attorney for Plaintiff* |
| Email: jboppjr@aol.com | |
| *Attorney for Plaintiff* | |

*Pro hac vice application granted September 4, 2014.

**MCD's Motion to Compel**           -6-

## Certificate of Service

I hereby certify that on January 25, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Montana by using the Court's CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Anita Y. Milanovich